# Exhibit T

| | | |
|---|---|---|
| **RANJITH KEERIKKATTIL** 2016 APR 20 AM 10: 14 | | IN THE |
| *Plaintiff,* | CIVIL DIVISION | CIRCUIT COURT |
| v. | * | OF MARYLAND FOR |
| **ALLISON BAKER SHEALY, et al.,** *Defendants.* | * | BALTIMORE CITY |
| | * | CASE NO. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Come now Plaintiff RANJITH KEERIKKATTIL, respectfully alleges, states and prays:

### INTRODUCTION

This lawsuit centers on unlawful and/or tortious acts committed by Defendants in violation of both the Superior Court for the District of Columbia Rules as well as Maryland Uniform Interstate Depositions and Discovery Act ("UIDDA") resulting in serious and irreparable injury to the Plaintiff.

### PARTIES

1. Plaintiff RANJITH KEERIKKATTIL is a resident of Maryland residing at 4707 Grand Bend Drive, Catonsville, MD, 21228.

2. Defendant ALLISON BAKER SHEALY is an attorney with SHULMAN, ROGERS, GANDAL, PORDY & ECKER P.A. and maintains her office within the State of Maryland at 12505 Park Potomac Ave, Potomac, MD, 20854.

3. Defendant GORE BROTHERS REPORTING AND VIDEO COMPANY INC. ("Gore Brothers") is a company incorporated under the laws of the State of Maryland, is authorized to do business within the State of Maryland and maintains its office at 100 S. Charles Street, Baltimore, MD, 21201.

4. Defendant SHULMAN, ROGERS, GANDAL, PORDY & ECKER P.A. ("Shulman Rogers"), is a Profession Association authorized to do business within State of Maryland and maintains its office at 12505 Park Potomac Ave, Potomac, MD, 20854.

5. Defendant DELOITTE LLP ("Deloitte") is a validly existing limited liability partnership organized under the laws of the State of Delaware, is authorized to do business within the State of Maryland and maintains an office at 20 S. Charles Street, Baltimore, MD, 21201.

## JURISDICTION AND VENUE

6. The Circuit Court for Baltimore City has jurisdiction over the matter under Md. Code, Courts and Judicial Proceedings §§ 9-401 through 9-407 among other statutes.

7. Venue is appropriate since Defendants' engaged in unlawful and/or tortious acts the effects of which occurred in Baltimore City and the events giving rise to Plaintiff's claims occurred in Baltimore City.

## FACTUAL ALLEGATIONS

8. On December 11, 2015, Allison Baker Shealy issued a Subpoena Duces Tecum to Gore Brother's for production of transcripts relating to *Keerikkattil v. Hrobowski*, a §1983 litigation instituted by the Respondent against a Maryland state agency. The subpoena is attached as Exhibit A.

9. Allison Baker Shealy and her firm Shulman Rogers were hired by Deloitte to represent Stacy Sawin in *Stacy K. Sawin v. Ranjith Keerikkattil*, 2015-CPO-005099 in the Superior Court for the District of Columbia, Domestic Violence Unit.

2

10. Discovery in proceedings before the Superior Court for the District of Columbia, Domestic Violence Unit is governed by Superior Court Domestic Violence Rules ("SCR-DV").

11. SCR-DV Rule 8(a) provides for a party to obtain discovery by written interrogatories or production of documents. "For good cause shown and with due regard for the summary nature of the proceedings, the Court may authorize a party to proceed with discovery from the other party by requests for written interrogatories or production of documents. Prior to any such authorization, a party shall submit to the Court each proposed interrogatory or request for production in writing. Upon leave of the Court, a party may obtain discovery from a non-party pursuant to Superior Court Rules of Civil Procedure." SCR-DV Rule 8(a). Allison Baker Shealy did not seek leave of court before issuing the subpoena in violation of SCR-DV Rule 8(a).

12. Under SCR-DV Rule 8 (a)(1) any discovery is "limited to matters directly relating to the incident or incidents of abuse alleged in the petition or answer, to medical treatment obtained as a result of those incidents, and to any prayers for relief." The transcripts sought by Ms. Shealy contain no discoverable evidence directly relating to the incident or incidents of abuse alleged in the petition or answer, to medical treatment obtained as a result of those incidents.

13. Enforcement of foreign subpoenas in Maryland is governed by Maryland Uniform Interstate Depositions and Discovery Act ("UIDDA"), codified as Md. Code, Courts and Judicial Proceedings §§ 9-401 through 9-407. The Maryland UIDDA sets forth the method by which out-of-state litigants may request the issuance of a foreign subpoena, such as a Washington D.C. subpoena, in the name of a Maryland court:

**Submission of a foreign subpoena**
(a)

> (1) To request issuance of a subpoena under this section, a party shall submit a foreign subpoena to a clerk of the circuit court for the county in which discovery is sought to be conducted in this State.
>
> (2) A request for the issuance of a subpoena under this subtitle does not constitute an appearance in the courts of this State.
>
> **Issuance of subpoena by clerk**
>
> (b) When a party submits a foreign subpoena to a clerk of court in this State, the clerk, in accordance with that court's procedure, shall promptly issue a subpoena for service upon the person to which the foreign subpoena is directed.
>
> **Contents of subpoena**
>
> (c) A subpoena under subsection (b) of this section shall:
>
>> (1) Incorporate the terms used in the foreign subpoena; and
>>
>> (2) Contain or be accompanied by the names, addresses, and telephone numbers of all counsel of record in the proceeding to which the subpoena relates and of any party not represented by counsel.
>
> (Maryland UIDDA, Md. Code, Courts and Judicial Proceedings, § 9-402.)

14. In accordance with Maryland UIDDA, Allison Baker Shealy is required to submit her Washington D.C. subpoena to the Clerk for the Circuit Court for Baltimore City since the deposition transcripts sought by her are in the possession of Gore Brothers physically located at 20 S. Charles Street, Suite 901, Baltimore, MD, 21201. Defendant Shealy chose to blatantly disregard the requirements of Maryland UIDDA and served her unlawful foreign subpoena directly on Gore Brothers.

15. Defendant Shealy made every effort to ensure that the Plaintiff is not afforded an opportunity to quash her unlawful subpoena. Gore Brothers was given a mere four business days to comply with her unlawful subpoena. At the same time, she made sure that the Plaintiff does not receive the notice of subpoena until the day before the date of production of these transcripts. In addition, Defendant Shealy bullied Gore brothers to immediately produce the transcripts well before the production date. As a consequence of her bullying, Gore Brothers produced the

4

transcripts before the requested production date and before the Plaintiff was served the notice of subpoena.

16. In order to defame, humiliate and invade into the private life of the Plaintiff, Defendant Shealy filed these private deposition transcripts with the DC Superior Court thereby making these unlawfully obtained private and confidential transcripts public[1]. The court filing is attached as Exhibit B. Based on information and belief Defendant Shealy has disclosed these private transcripts with the U.S. Attorney's Office for the District of Columbia as well. Plaintiff, neither Paul Dillon nor Soutry De had given Defendant Shealy the authorization to obtain or publicize these private deposition transcripts. In fact Paul Dillon or Soutry De would not have given consent for the release of these transcripts since it would violate the non-disparagement clause of the settlement agreement signed by them.

17. Gore Brothers made no effort to contact the Plaintiff or the deponents before releasing these private and confidential deposition transcripts. By releasing these private deposition transcripts, Gore Brothers violated Provision No. 4 of the Code of Professional Ethics of the National Court Reporters Association ("NCRA"), the organization that regulates the conduct of court reporters. NCRA's Advisory Opinion 9 clearly states:

> It is the Committee's opinion that the selling of deposition transcripts that have not been made part of the public record to other than the litigants and the deponent without the agreement of the litigants and the deponent constitutes a violation of Provision No. 4 of the Code of Professional Ethics.

See attached Exhibit C.

---

[1] As an irony, despite acting in blatant violation of SCR-DV Rule 8(a) and Rule 8(a)(1), Defendant Shealy cites Rule 8(a)(4) as the basis for making these private records public.

5

18. Gore Brothers has no copyright or property interests in these transcripts.[2] Any copyright or property interest rests with the Plaintiff who ordered and conducted the depositions of Paul Dillon and Soutry De.

19. Gore Bothers violated the rules of U.S. Court for the District of Maryland as well. The Federal Rules of Civil Procedure ("FRCP") specifically provides that the court reporter may only provide a copy of a deposition to a party or the deponent, not anyone else, unless otherwise ordered by the court[3]. The reporter is an "Officer of the Court" pursuant to FRCP 28 and therefore is subject to the supervision of the court and must abide by its rules and directives.

20. Gore Brothers failed to verify whether Defendant Shealy's unlawful subpoena complied with the requirements of the Superior Court for the District of Columbia Domestic Violence Rules as well as Maryland Uniform Interstate Depositions and Discovery Act before disclosing these private transcripts.

### FIRST CAUSE OF ACTION
### VIOLATION OF MARYLAND UIDDA - ALLISON BAKER SHEALY

21. Allison Baker Shealy is required to follow Md. Code, Courts and Judicial Proceedings §§ 9-401 through 9-407 (Maryland UIDDA) before issuing a subpoena in Baltimore City for deposition transcripts maintained by Gore Brothers in Baltimore City.

22. Allison Baker Shealy acted with intentional and/or reckless disregard to the legal requirements of Maryland UIDDA.

---

[2] *Lipman v. Massachusetts*, 475 F.2d 565, 568 (1st Cir. 1973) ("No ownership exists in a transcription of a judicial hearing. Since transcription is by definition a verbatim recording of other persons' statements, there can be no originality in the reporter's product.")
[3] FRCP 30(f)(3). For State law examples, see Georgia Statutes § 9-11-30(f)(2), Ill. Supreme Court Rules §208(c), Mo. Supreme Court Rule § 57(g)(4), NY CPLR §3116(b).

23. As a direct and proximate result of Defendant Shealy's unlawful and/or tortious acts, Plaintiff has suffered and will continue to suffer substantial injury, damage, and loss, including, but not limited to loss of his personal and professional reputation, shame, mortification, and emotional distress all to his general damage, which Plaintiff is informed and believes will exceed $10,000,000, plus interest accrued and growing.

24. Defendant Shealy's acts as described above were willful, oppressive, and malicious, thereby entitling Plaintiff to recover exemplary and punitive damages against her in amounts according to proof at trial, which Plaintiff is informed and believes will collectively exceed $20,000,000.

## SECOND CAUSE OF ACTION
## INVASION OF PRIVACY - ALLISON BAKER SHEALY

25. Defendant Shealy sought Plaintiff's deposition transcripts from Gore Brothers knowing that these transcripts are private and confidential.

26. Defendant Shealy unlawfully procured these private transcripts by intentionally violating SCR-DV Rule 8(a) and Rule 8(a)(1), as well as Maryland UIDDA.

27. Defendant Shealy publicized these unlawfully obtained private transcripts without Plaintiff's consent, in violation of his privacy rights.

28. Defendant Shealy's wrongful conduct constitutes the public disclosure of private transcripts that would be offensive and highly objectionable to a reasonable person.

29. Defendant Shealy acted with scienter in wrongfully procuring and disclosing these private transcripts.

30. As a direct and proximate result of Defendant Shealy's unlawful and/or tortious acts, Plaintiff has suffered and will continue to suffer substantial injury, damage, and loss, including, but not limited to loss of his personal and professional reputation, shame, mortification, and emotional distress all to his general damage, which Plaintiff is informed and believes will exceed $10,000,000, plus interest accrued and growing.

31. Defendant Shealy's acts as described above were willful, oppressive, and malicious, thereby entitling Plaintiff to recover exemplary and punitive damages against her in amounts according to proof at trial, which Plaintiff is informed and believes will collectively exceed $20,000,000.

## THIRD CAUSE OF ACTION
## INVASION OF PRIVACY – GORE BROTHERS

32. Plaintiff's deposition transcripts maintained by Defendant Gore Brothers in Baltimore City are private and confidential.

33. Defendant Gore Brothers released these private deposition transcripts to third parties without the authorization of Plaintiff or deponents in violation of FRCP 30(f)(3) and Provision No. 4 of the Code of Professional Ethics of the National Court Reporters Association.

34. Defendant Gore Brothers' conduct caused the unauthorized release of these private transcripts without Plaintiff's consent, in violation of his privacy rights.

35. Defendant Gore Brothers' conduct caused the public disclosure of private transcripts that would be offensive and highly objectionable to a reasonable person.

36. As a direct and proximate result of Defendant Gore Brother's unlawful and/or tortious

8

acts, Plaintiff has suffered and will continue to suffer substantial injury, damage, and loss, including, but not limited to loss of his personal and professional reputation, shame, mortification, and emotional distress all to his general damage, which Plaintiff is informed and believes will exceed $10,000,000, plus interest accrued and growing.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - ALLISON BAKER SHEALY

37. Defendant Shealy's unlawful procurement and public disclosure of Plaintiff's private and confidential deposition transcripts was intentionally done to cause the Plaintiff extreme emotional distress.

38. Defendant Shealy's unlawful disclosure of these private transcripts to the United States Attorney for the District of Columbia was intentionally done to cause the Plaintiff extreme emotional distress.

39. As a direct and proximate result of Defendant Shealy's unlawful and/or tortious acts, Plaintiff has suffered and will continue to suffer substantial injury, damage, and loss, including, but not limited to loss of his personal and professional reputation, shame, mortification, and emotional distress all to his general damage, which Plaintiff is informed and believes will exceed $10,000,000, plus interest accrued and growing.

40. Defendant Shealy's acts as described above were willful, oppressive, and malicious, thereby entitling Plaintiff to recover exemplary and punitive damages against her in amounts according to proof at trial, which Plaintiff is informed and believes will collectively exceed $20,000,000.

9

## FIFTH CAUSE OF ACTION
## NEGLIGENT TRAINING AND SUPERVISION – SHULMAN ROGERS

41. Defendant Shulman Rogers and its shareholders knew that Allison Baker Shealy, a Commodity Futures Trading Commission ("CFTC") enforcement attorney, had no knowledge of SCR-DV Rules and had no experience litigating domestic violence cases in DC Superior Court.

42. Defendant Shulman Rogers and its shareholders knew that Defendant Shealy had no knowledge of Maryland Uniform Interstate Depositions and Discovery Act ("UIDDA").

43. Defendant Shulman Rogers and its shareholders failed to train Defendant Shealy on SCR-DV Rules before permitting her to litigate a domestic violence case in DC Superior Court.

44. Defendant Shulman Rogers and its shareholders failed to train Defendant Shealy on Maryland Uniform Interstate Depositions and Discovery Act ("UIDDA") before serving a foreign subpoena in Maryland.

45. Defendant Shulman Rogers Partners Joel D. Schwartz and Meredith S. Campbell failed to supervise Defendant Shealy during the issuance, service and enforcement of her unlawful subpoena that resulted in irreparable and significant harm to the Plaintiff.

46. As a direct and proximate result of Defendant Shulman Rogers' unlawful and/or tortious acts, Plaintiff has suffered and will continue to suffer substantial injury, damage, and loss, including, but not limited to loss of his personal and professional reputation, shame, mortification, and emotional distress all to his general damage, which Plaintiff is informed and believes will exceed $10,000,000, plus interest accrued and growing.

## SIXTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – DELOITTE

47. Defendant Deloitte knew or should have known that Allison Baker Shealy is a plus-sized bully who threatens and intimidates opponents and third parties, and wantonly disregards court rules.

48. Defendant Deloitte knew or should have known that Allison Baker Shealy is a CFTC enforcement attorney who has no knowledge of SCR-DV Rules and has no experience litigating domestic violence cases in DC Superior Court.

49. Defendant Deloitte knew or should have known that Allison Baker Shealy has no knowledge of the legal requirements of Maryland Uniform Interstate Depositions and Discovery Act ("UIDDA").

50. Defendant Deloitte knew or should have known that Shulman Rogers has no or very limited experience litigating domestic violence cases in DC Superior Court before hiring it to represent Stacy Sawin.

51. As a direct and proximate result of Defendant Deloitte's unlawful and/or tortious acts, Plaintiff has suffered and will continue to suffer substantial injury, damage, and loss, including, but not limited to loss of his personal and professional reputation, shame, mortification, and emotional distress all to his general damage, which Plaintiff is informed and believes will exceed $10,000,000, plus interest accrued and growing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff RANJITH KEERIKKATTIL prays for judgment against Defendants ALLISON BAKER SHEALY, GORE BROTHERS INC, SHULMAN, ROGERS, GANDAL,

PORDY & ECKER P.A. and DELOITTE LLP as follows:

1. Declaratory judgment stating that ALLISON BAKER SHEALY violated Maryland Uniform Interstate Depositions and Discovery Act ("UIDDA");

2. An order enjoining ALLISON BAKER SHEALY, GORE BROTHERS INC, SHULMAN, ROGERS, GANDAL, PORDY & ECKER P.A. from disclosing these private transcripts without the consent of the Plaintiff;

3. An order mandating ALLISON BAKER SHEALY and SHULMAN, ROGERS, GANDAL, PORDY & ECKER P.A. to destroy all copies of these private transcripts;

4. An order mandating ALLISON BAKER SHEALY and SHULMAN, ROGERS, GANDAL, PORDY & ECKER P.A. to claw back and destroy all copies of these private transcripts unlawfully shared with any third party including the United States Attorney for the District of Columbia;

5. Compensatory damages, severally and jointly, against all Defendants based on proof at trial, in the minimum amount of $10,000,000;

6. Punitive damages against ALLISON BAKER SHEALY based on proof at trial, in the minimum amount of $20,000,000;

7. Plaintiff's costs and attorneys' fees;

8. Any further relief as the Court may deem just and proper, and as just deserts for ALLISON BAKER SHEALY's outrageous conduct.

## JURY DEMAND

Plaintiff demands a trial by jury for all claims so triable.

Dated: April 20, 2016         Respectfully submitted,

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
(443) 690-1031
rkeerikkattil@gmail.com

# ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

*Return Form to:*
Office of Bar Counsel
200 Harry S. Truman Parkway, Suite 300
Annapolis, MD 21401

Phone: 410-514-7051 (Annapolis-Baltimore)

**06/15/2016**
(Date)

1. Your Name: Mr. [✓]  Mrs. [ ]  Ms. [ ]  Miss [ ]  Doctor [ ]  Honorable [ ]

**Ranjith**               **V**                              **Keerikkattil**
(First)                   (Middle)                          (Last)

**4707 Grand Bend Drive**
(Street)

**Catonsville**          **Baltimore**         **Maryland**           **21228**
(City)                   (County)              (State)                (Zip Code)

Telephone Number(s):  Business: **(443) 690-1031**    Home: _____

2. Attorney against whom you wish to file a complaint:

**Allison Baker Shealy**
(Full Name)

**Shulman Rogers, 12505 Park Potomac Avenue, Sixth Floor, Potomac, MD 20854**
(Address)

Telephone Number(s): **(301) 945-9283**

3. Did you employ the attorney?    Yes [ ]   No [✓]
If yes, give the approximate date you employed the attorney and the amount, if any, paid to him or her.

(Amount Paid) _____    (Date) _____

4. If your answer to No. 3 above is "No", what is your connection with the attorney?

**Opposing Counsel in 2015-CPO-5099**

5. Nature of complaint against the attorney (state in full detail: use separate piece of paper, if necessary). If you employed the attorney, state what you employed him/her to do. Further information may be requested.

**Violation of MLRPC Rules 3.4(c), 4.1(a)(1), 4.4(a) and 8.4**

**See attached Complaint and Plaintiff's Opposition to Defendant SRGPE's Motion to Dismiss**

**filed in Case # 24C16002306 - Keerikkattil v. Shealy et al for more details.**

6. If you have made a complaint about this same matter to any Official or Agency, state the (their) name(s), and the approximate date you reported it:

**Circuit Court for Baltimore City, Case # 24C16002306**

7. If your complaint is about a law suit, please furnish the following information, if available:

Name of Court **D.C. Superior Court**     Title of Suit **Stacy K. Sawin v. Ranjith Keerikkattil**

Number of Suit **2015-CPO-5099**          Approximate Date Suit was filed **12/03/2015**

8. If you are or have been represented by any other attorney with regard to this matter, state the name and address of the other attorney:

**N/A**

Signature: _[signed]_
(MUST be signed)

Revised 5/13/2015



# OFFICE OF BAR COUNSEL
## THE BOARD ON PROFESSIONAL RESPONSIBILITY
## DISTRICT OF COLUMBIA COURT OF APPEALS

515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501  Fax (202) 638-0862

(*Please print or type.*)

Date: 06/16/2016

A. Your Name: (Dr.) (Mr.) ~~(Ms.)~~ (Mrs.) Ranjith  V.  Keerikkattil
   (First) (Initial) (Last)
   Address: 4707 Grand Bend Drive
   (Street) (Apt. #)
   Catonsville  Maryland  21228
   (City) (State) (Zip)
   Business Telephone: (443) 690-1031  Home Telephone: _____  Cell: _____
   (NOTE: It is very important that we have your telephone number(s) and that you inform our office if you have a change of address.)

B. Attorney Complained Of:
   Name: Allison  Baker  Shealy
   (First) (Initial) (Last)
   Address: Shulman Rogers, 12505 Park Potomac Avenue, Sixth Floor
   (Street) (Apt. #)
   Potomac  Maryland  20854
   (City) (State) (Zip)
   Telephone No.: (301) 945-9283  Attorney's Bar No., if known: 478202

C. Have you filed a complaint about this matter anywhere else? Yes  If yes, please give details.
   Attorney Grievance Commission of Maryland (see attached)

D. Do you have a written retainer agreement with the attorney? No  If yes, please attach a copy.

E. Where applicable, state the name of the court where the underlying case was filed, and the case name and number.
   Stacy K. Sawin v. Ranjith Keerikkattil, 2015-CPO-5099, D.C. Superior Court

   Ranjith Keerikkattil v. Allison Baker Shealy et al, 24C16002306, Circuit Court for Baltimore City

F. Do you have other documents that are relevant? If yes, please give details and provide copies. _____
   See attached Complaint and Plaintiff's Opposition to Defendant SRGPE's Motion to Dismiss filed in Case #
   24C16002306 - Keerikkattil v. Shealy et al for more details.

SEE REVERSE SIDE FOR REQUIRED DETAILS & SIGNATURE

G. DETAILS OF COMPLAINT: _____
   Violation of District of Columbia Rules of Professional Conduct 3.4(c), 4.1(a)(1), 4.4(a) and 8.4. Details

Continued on next side ➲

are included in the attached Complaint and Plaintiff's Opposition to Defendant SRGPE's Motion to Dismiss filed in Case #24C16002306 - Keerikkattil v. Shealy et al, as well as in the Exhibits attached to them.

**The Undersigned hereby certifies to the Office of Bar Counsel that the statements in the foregoing Complaint are true and correct to the best of my knowledge.**

_____
SIGNATURE



# OFFICE OF BAR COUNSEL
## THE BOARD ON PROFESSIONAL RESPONSIBILITY
### DISTRICT OF COLUMBIA COURT OF APPEALS

515 Fifth Street, N.W.
Building A, Room 117
Washington, D.C. 20001
(202) 638-1501   Fax (202) 638-0862

(*Please print or type.*)

Date: 06/16/2016

A. Your Name: (Dr.) (Mr.) (Ms.) (Mrs.) Ranjith  V.  Keerikkattil
   (First)            (Initial)      (Last)

   Address: 4707 Grand Bend Drive
   (Street)                              (Apt. #)
   Catonsville            Maryland            21228
   (City)                 (State)             (Zip)

   Business Telephone: (443) 690-1031     Home Telephone: _____ Cell: _____
   (NOTE: It is very important that we have your telephone number(s) and that you inform our office if you have a change of address.)

B. Attorney Complained Of:

   Name:  Joel          D.          Schwartz
          (First)       (Initial)   (Last)

   Address: Shulman Rogers, 12505 Park Potomac Avenue, Sixth Floor
   (Street)                              (Apt. #)
   Potomac              Maryland              20854
   (City)               (State)               (Zip)

   Telephone No.: (301) 945-9240       Attorney's Bar No., if known: 465838

C. Have you filed a complaint about this matter anywhere else? No ___ If yes, please give details.

D. Do you have a written retainer agreement with the attorney? No ___ If yes, please attach a copy.

E. Where applicable, state the name of the court where the underlying case was filed, and the case name and number.
   Stacy K. Sawin v. Ranjith Keerikkattil, 2015-CPO-5099, D.C. Superior Court

   Ranjith Keerikkattil v. Allison Baker Shealy et al, 24C16002306, Circuit Court for Baltimore City

F. Do you have other documents that are relevant? If yes, please give details and provide copies. ___
   See attached Complaint and Plaintiff's Opposition to Defendant SRGPE's Motion to Dismiss filed in Case #
   24C16002306 - Keerikkattil v. Shealy et al for more details.

SEE REVERSE SIDE FOR REQUIRED DETAILS & SIGNATURE

G. DETAILS OF COMPLAINT: ___
   Violation of District of Columbia Rules of Professional Conduct 5.1 and 3.3(a)(1). Details are included

Continued on next side ⊃

in the attached Complaint and Plaintiff's Opposition to Defendant SRGPE's Motion to Dismiss filed in Case #24C16002306 - Keerikkattil v. Shealy et al, as well as in the Exhibits attached to them. Also attached is the D.C. Court of Appeals decision in In re Cohen, 847 A.2d 11 62 (D.C. 2004) regarding the "reasonably know" standard under Rule 5.1(c)(2) and 96 Ky. L.J. 231, pp.243-45 discussing the same. In addition to Joel D. Schwartz, other shareholders of Shulman, Rogers, Gandal, Pordy and Ecker P.A. are also subject to discipline under Rule 5.1.

**The Undersigned hereby certifies to the Office of Bar Counsel that the statements in the foregoing Complaint are true and correct to the best of my knowledge.**

_____
SIGNATURE