**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

2017 APR 20 P 2: 54

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| RANJITH KEERIKKATTIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No: 1:16-cv-827-CMH-MSN** |
| | ) | |
| STACY SAWIN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

---

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SEAL EXHIBIT A OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS

Plaintiff, Ranjith Keerikkattil, hereby files his opposition to Defendants' Motion to Seal Exhibit A of Plaintiff's Motion to Compel Discovery and Motion for Sanctions (ECF No. 79) filed by Defendants Deloitte LLP, Deloitte Consulting LLP, and Deloitte Services LP (collectively "Defendants").

## INTRODUCTION

On April 14, 2017 Plaintiff filed his Motion to Compel with this Court requesting an order compelling Defendants Deloitte LLP, Deloitte Consulting LLP, and Deloitte Services LP to 1) Provide comprehensive responses unencumbered by objection to Plaintiff's Interrogatories and Requests for Production of Documents; 2) Supplement their incomplete production of responsive documents; and 3) Appear and testify at the Rule 30(b)(6) deposition. *See* ECF No. 72. In his Memorandum in Support of Motion to Compel, Plaintiff attached two pages of text messages (DELOITTE008669-70) along with a table to identify the senders/recipient of these text messages (DELOITTE008656-58) as Exhibit A. *See* ECF No. 73-1.

## ARGUMENT

### I.    Defendants misrepresented the scope of Exhibit A

Defendants' motion is factually erroneous. Defendants' in their Memorandum in Support of their Motion to Seal states, "Plaintiff filed all 53 pages of Ms. Sawin's private and sensitive text messages as part of his Motion to Compel (Dkt. No. 73 at Ex. A)" (emphasis in original). *See* ECF No. 80 at 3. When it came to their motion, "all 53 pages" became "over 150 pages of confidential and private electronic communications of Stacy Sawin". *See* ECF No. 79 at 1. However, an examination of the actual Exhibit A of Plaintiff's Motion to Compel shows that there were only 2 pages of text messages directly relevant to Plaintiff's motion, along with a table to identify the senders/recipient of these text messages. *See* ECF No. 73-1. This is nowhere near the 53 pages or over 150 pages of private text messages that Defendants' claim in their motion. In addition, Defendants claim that DELOITTE008683, DELOITTE008693-008695 contain Ms. Sawin's personal health information. *See* ECF No. 80 at 4. However, DELOITTE008683, DELOITTE008693-008695 are not part of Exhibit A. *See* ECF No. 73-1.

### II.    Exhibit A is not a proper confidential document

The text messages included in Exhibit A were text messages obtained from Stacy Sawin's Deloitte corporate mobile phone. When Stacy Sawin chose to use Deloitte's corporate phone to send and receive personal text messages, she voluntarily gave up her privacy rights under Deloitte's APR 208 policy.

APR 208 Electronic Communications:
1. .001 "The Systems and Electronic Communications are considered to be the property of the U.S. Firms, unless otherwise provided by law. While incidental and occasional personal use of the Systems is permitted in accordance with this policy, a User waives any claims to privacy as it relates to the use of the Systems and to the Electronic Communications. If a personal Electronic Communication is intended to be truly "confidential" or "privileged", alternative means of transmission should be used."

Just because Defendants added a 'CONFIDENTIAL' footer to this document does not make this truly confidential. In fact, Defendants had classified <u>every single document</u> including Plaintiff's Complaint as 'CONFIDENTIAL'. *See, e.g.,* Ex. A. Plaintiff held a meet-and-confer call with Defendants Counsel on February 14, 2017 relating to Deloitte's improper classification of responsive documents as 'CONFIDENTIAL'. It was agreed during the call and memorialized in an e-mail exchange that either party may file documents designated as 'CONFIDENTIAL' and the other party may move to seal them. *See* Ex. B. Plaintiff acted in accordance with this agreement when he filed Exhibit A.

## III.   Defendants have no standing to request sealing on behalf of Stacy Sawin

Stacy Sawin is a former defendant in this case and is represented by the law firm of Shulman, Rogers, Gandal, Pordy and Ecker P.A. ("SRGPE"). Here we have Deloitte Defendants moving to seal Exhibit A on behalf of a third-party Stacy Sawin, claiming that it violates Ms. Sawin's privacy and reputational rights. Even assuming that Ms. Sawin had not surrendered her privacy rights in accordance with APR 208 by using her Deloitte corporate phone to send/receive these personal text messages, only Ms. Sawin has standing to move to seal them.

## IV.   Public interest in disclosure heavily outweighs any prejudice to Defendants

It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005). The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The common-law presumptive right of access extends to all judicial documents and records, and the presumption

can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Public access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary. *See Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). "Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988).

Now that the public interest in access to judicial records has been clearly established, the only question that remains is whether Deloitte's[1] reputational interests heavily outweigh public interest in access requiring Exhibit A to be sealed. Plaintiff is unaware of any case in which a court has found a company's bare allegation of reputational harm to be a compelling interest sufficient to defeat the public's First Amendment right of access. Conversely, in every case, the courts have reached the opposite result under the less demanding common-law standard. *See, e.g., Doe v. Public Citizen,* 749 F. 3d 246, 249 (4th Cir. 2014); *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 225 (6th Cir. 1996) ("commercial self- interest" does not to qualify as a legitimate ground for keeping documents under seal); *Republic of Philippines v. Westinghouse Elec. Corp.,* 949 F.2d 653, 663 (3d Cir. 1991) (harm to a "company's public image" alone cannot rebut the common-law presumption of access); *Cent. Nat'l Bank of Mattoon v. U.S. Dep't of Treasury*, 912 F.2d 897, 900 (7th Cir. 1990) (information that "may impair [a corporation's] standing with its customers" insufficient to justify closure); *Littlejohn,* 851 F.2d at 685 (a corporation's "desire to preserve corporate reputation" is insufficient

---

[1] Deloitte has not identified any reputational or privacy interests in its motion to seal. For the sake of argument, Plaintiff is assuming that Deloitte has a reputational interest in Exhibit A.

overcome common-law right of access); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570-71 (11th Cir. 1985) (per curiam) ("harm [to] the company's reputation" is insufficient to outweigh common-law right of access).

Hence even if Defendants claim that the disclosure of Exhibit A might cause them reputational damage, any such privacy interest is heavily outweighed by public's interest in accessing judicial records. Hence, Exhibit A to Memorandum in Support of Motion to Compel, (ECF No. 73-1) should not be sealed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal Exhibit A of Plaintiff's Motion to Compel Discovery and Motion for Sanctions must be denied. Defendants' bases for sanctions are utterly meritless. Plaintiff also believes that there is no need for a hearing on Defendants' motion as it is clear from the written pleadings that their motion lacks merit.

## LOCAL CIVIL RULE 83.1M(2) CERTIFICATION

I declare under penalty of perjury that:

No other attorney has prepared, or assisted in the preparation of this document.

_____

Ranjith Keerikkattil

Executed on: April 20, 2017

Dated: April 20, 2017

Respectfully submitted,

_____

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
rkeerikkattil@gmail.com
Tel: (443) 690-1031

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of April 2017, a true and accurate copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SEAL EXHIBIT A OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS was served by First Class Mail Postage Prepaid along with courtesy electronic mail copies to:

Christine M. Costantino
Eric J. Janson
Nicholas H. De Baun
Seyfarth Shaw LLP
975 F Street, N.W.,
Washington, DC 20004
Phone: (202) 463-2400
Fax: (202) 641-9232
ccostantino@seyfarth.com
ejanson@seyfarth.com
ndebaun@seyfarth.com
*Counsel for Defendants Deloitte LLP, Deloitte Consulting LLP, Deloitte Services LP*

_____
Ranjith Keerikkattil