FILED

2017 MAY 12 P 1:49

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

RANJITH KEERIKKATTIL,

Plaintiff,

v.

DELOITTE LLP, et al.

Defendants.

**Case No: 1:16-cv-827-CMH-MSN**

**PLAINTIFF'S REPLY TO MOTION TO COMPEL**

Plaintiff, Ranjith Keerikkattil, hereby files his Reply to Motion to Compel (ECF No. 72) for an order compelling Defendants Deloitte LLP, Deloitte Consulting LLP, and Deloitte Services LP, (collectively "Deloitte Defendants") to 1) Provide comprehensive responses, unencumbered by objection, to Plaintiff's Interrogatories and Requests for Production of Documents as set forth herein; 2) Supplement their incomplete production of responsive documents; and 3) Appear and testify at the Rule 30(b)(6) deposition.

Stacy Sawin, one of Plaintiff's former colleagues at Deloitte Consulting LLP ***lied*** to her employer about her interactions with Plaintiff in order to ***"protect"*** herself and so that ***"Deloitte fires him[Plainitff]"***. Deloitte assigned a Talent (HR) Senior Manager Alicia Carberry to investigate Ms. Sawin's frivolous allegations. After interviewing both Plaintiff's superiors Ritesh Verma and Bheeshma Tumati well as his colleagues Laura Amster and Julie Gi Kim, and being unable to find any evidence to substantiate Ms. Sawin's frivolous claims, Ms. Carberry ***lied*** to Derick Masengale (the individual who had the power to hire and fire Plaintiff) that Plaintiff lied to her and demanded that he be terminated. *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 3.

Plaintiff filed a complaint against Stacy Sawin with Deloitte that stated, among others, that (i) "Stacy Sawin uses her Deloitte issued corporate mobile phone/Lync to exchange text messages/IM's that not only are unrelated to legitimate business needs but also are sexually explicit or inappropriate"; and (ii) "Stacy Sawin uses her Deloitte issued corporate mobile phone for purposes not only are irrelevant to Deloitte's legitimate business needs but also are inappropriate such as dating and/or pornography". *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 10-11. Deloitte assigned one of its eDiscovery Litigation Analyst Aleta Jacobson to recover text messages, e-mails, IM and app data from Ms. Sawin's Deloitte owned devices. As part of her forensic analysis, Ms. Jacobson produced to Deloitte HR:

i. **SMSs (Short Message Service)**

ii. **MMSs (Multimedia Messaging Service)**

iii. **579 "naughty" e-mails that contain explicit content**

iv. **Snapchat (a popular sexting app) data**

*See* ECF No. 73-6 at DELOITTE005563.

However, during discovery, Defendants only produced the SMSs and **did not** produce the **MMSs, 579 "naughty" e-mails and Snapchat data.**

## I. The MMSs, 579 "naughty" e-mails and Snapchat data would conclusively prove that Plaintiff was discriminated

In their Motion for Summary Judgment, Defendants' claim that "Deloitte's review of Ms. Sawin's phone exonerated her. In particular, the review did not disclose that Ms. Sawin had used her phone to exchange sexually explicit texts or images with others, or used it for any other improper purpose, or any purpose prohibited by Deloitte policies." *See* Def.'s Mot. for Summ. J. at 9. These **MMS's, 579 "naughty" e-mails and Snapchat data** would conclusively prove at

trial that Deloitte's claim that it did not find any evidence "that Ms. Sawin had used her phone to exchange sexually explicit texts or images with others, or used it for any other improper purpose, or any purpose prohibited by Deloitte policies" is a lie and a pretext for discrimination.

## II. Defendants' claims that their communications with Shulman Rogers are privileged are frivolous

Plaintiff specifically sought Defendants' communications with Shulman Rogers relating to their role in spending of hundreds of thousands of dollars on Ms. Sawin's legal representation *Stacy Sawin v. Ranjith Keerikkattil,* 2015-CPO-005099 (D.C. Sup. Ct.) and *United States v. Ranjith Keerikkattil*, 2015-CMD-017652 (D.C. Sup. Ct.). Deloitte was never a party in any of these two cases. Besides, Deloitte, Deloitte Consulting LLP and/or Deloitte Services LP were never clients of Shulman Rogers. So, any claims of attorney-client, work-product or joint defense privileges is just bogus. Defendants had no legitimate business reasons for spending over $200,000 (and growing) representing Ms. Sawin in these two cases. At the same time, Defendants explicitly refused to provide any funding for Plaintiff in these two cases. Defendants' spending of hundreds of thousands of dollars on Ms. Sawin proves one very important fact - that Deloitte has and continues to provide preferential treatment to Ms. Sawin, a fact that lies at the heart of the discrimination claim against them. Hence the all documents and communications relating to Defendants' spending of hundreds of thousands of dollars on Ms. Sawin's legal representation *Stacy Sawin v. Ranjith Keerikkattil,* 2015-CPO-005099 (D.C. Sup. Ct.) and *United States v. Ranjith Keerikkattil*, 2015-CMD-017652 (D.C. Sup. Ct.) is discoverable and Defendants' should be compelled to produce them.

## III. Any delays on Plaintiff's end were caused due to Defendants' obstructionism

The court issued its scheduling order initiating discovery on December 1, 2016. Plaintiff promptly served his First Request for Production of Documents on December 5, 2016. However, Defendants intentionally delayed the production of responsive documents by 79 days and even then, the production they made intentionally omitted **MMSs, 579 "naughty" e-mails and Snapchat data** that are fatal to their defense. If not for Defendants' obstructionism explained in detail in Plaintiff's Memorandum in support of Motion to Compel (ECF No. 73 at 6-7.), Plaintiff would have been able to serve his follow-up discovery requests at least 60 days earlier. Defendants' obstructionism proved to be fatal for Plaintiff since this court has a much shorter discovery window than other federal trial courts. Plaintiff cannot and should not be blamed for Defendants' turning the "rocket docket" into a snail docket by causing a delay of over two and a half months especially when the entire discovery period in this case is hardly four months.

## IV. Defendants' other reasons are bogus as well

Defendants' claim that "[p]laintiff sat on his rights (presumably assuming his motion to stay the case would be granted) and took no action until it was too late". *See* ECF No. 92 at 6. This is untrue. In fact, Plaintiff had clearly stated "[t]he documents that Deloitte Defendants had agreed to produce by last Friday has nothing to do with any Fifth Amendment privilege and are directly relevant to the Title VII discrimination claim". *See* ECF No. 64-6 at 2. Defendants' rather conveniently assumed without any basis that the case would be stayed to further delay production. The Rule 30(b)(6) deposition directly relates to deficiencies in Defendants' eDiscovery procedures as well their investigations. Without reviewing the data dump that Defendants' produced on March 24, 2017, Plaintiff would not have known about the deficiencies in their eDiscovery procedures or the bogus investigations conducted by them.

Taken together, Defendants' arguments lack any merit and Plaintiff's Motion to Compel should be granted in its entirety.

**LOCAL CIVIL RULE 83.1M(2) CERTIFICATION**

I declare under penalty of perjury that:

No other attorney has prepared, or assisted in the preparation of this document.

____________________________

Ranjith Keerikkattil

Executed on: May 11, 2017

Dated: May 11, 2017

Respectfully submitted,

____________________________

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
rkeerikkattil@gmail.com
Tel: (443) 690-1031

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of May 2017, a true and accurate copy of the foregoing PLAINTIFF'S REPLY TO MOTION TO COMPEL was served by First Class Mail Postage Prepaid along with courtesy electronic mail copies to:

Christine M. Costantino
Eric J. Janson
Nicholas H. De Baun

Seyfarth Shaw LLP
975 F Street, N.W.,
Washington, DC 20004
Phone: (202) 463-2400
Fax: (202) 641-9232
ccostantino@seyfarth.com
ejanson@seyfarth.com
ndebaun@seyfarth.com
*Counsel for Defendants Deloitte LLP, Deloitte Consulting LLP, Deloitte Services, LP*

______________________
Ranjith Keerikkattil