FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2017 MAY 24 P 2: 09

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| RANJITH KEERIKKATTIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:16-cv-827-CMH-MSN |
| ) | |
| DELOITTE LLP, et al. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER

Plaintiff, Ranjith Keerikkattil, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, files this motion requesting the court to review and reverse Magistrate Judge Nachmanoff's order (ECF No. 103) denying Plaintiff's Motion to Compel. Specifically, Plaintiff requests that the court reverse **only** part of Magistrate Judge Nachmanoff's order denying Plaintiff's motion to compel Defendants to (i) Produce MMSs, 579 "naughty" e-mails and Snapchat data from Stacy Sawin's Deloitte owned devices as part of its investigation; and (ii) Appear at Rule 30(b)(6) deposition.

## INTRODUCTION

Plaintiff filed a complaint against Stacy Sawin with Deloitte that stated, among others, that (i) "Stacy Sawin uses her Deloitte issued corporate mobile phone/Lync to exchange text messages/IM's that not only are unrelated to legitimate business needs but also are sexually explicit or inappropriate"; and (ii) "Stacy Sawin uses her Deloitte issued corporate mobile phone for purposes not only are irrelevant to Deloitte's legitimate business needs but also are inappropriate such as dating and/or pornography". *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J. at

10-11. Deloitte assigned one of its eDiscovery Litigation Analyst Aleta Jacobson to recover text messages, e-mails, IM and app data from Ms. Sawin's Deloitte owned devices. As part of her forensic analysis, Ms. Jacobson imaged Ms. Sawin's phone and produced to Deloitte Talent/HR:

   i. **SMSs (Short Message Service)**

   ii. **MMSs (Multimedia Messaging Service)**

   iii. **579 "naughty" e-mails that contain explicit content**

   iv. **Snapchat (a popular sexting app) data**

*See* ECF No. 73-6 at DELOITTE005563.

## PROCEDURAL HISTORY

### I. First Request for Production of Documents

On December 5, 2016, Plaintiff served his First Request for Production of Documents to Deloitte Defendants. On December 23, 2016, Deloitte Defendants filed their objections to Plaintiff's request. *See* ECF No. 64-1. Deloitte Defendants failed to produce the responsive documents by the due date stating that they would only do so after the stipulated protective order is signed by the Court. *See* ECF No. 64-2. The parties had agreed to a stipulated protective order as early as December 23, 2016. However, Deloitte Defendants waited until January 11, 2017, to file the motion for the stipulated protective order. *See* ECF No. 49. The protective order was rejected by the Court due to its failure to comply with Local Rules, despite the fact that it was filed by Defendants' Counsel Christine Costantino, a member of EDVA bar. All said and done, it took until January 30, 2017 until a protective order was approved by the court. After the protective order was approved, Deloitte Defendants made a limited production that did not include responsive documents requested in Plaintiff's Requests for Production Nos 2-5. After over a month of e-mail correspondence, meet-and-confer calls and a motion to compel, Deloitte

Defendants finally produced some responsive documents on March 24, 2017, 79 days after they were originally due. As part of their production, Defendants only produced the SMSs and **did not produce the MMSs, 579 "naughty" e-mails and Snapchat data.** After repeated unsuccessful attempts by Plaintiff to have Defendants produce them, this Motion to Compel followed.

## II.   Rule 30(b)(6) Deposition

Plaintiff noted Defendants' Rule 30(b)(6) deposition for April 13, 2017. *See* ECF No. 73-17. Defendants informed Plaintiff that they would not be appearing for the Rule 30(b)(6) deposition. *See* ECF No. 73-18. Defendants specifically objected to Plaintiff's notice stating that the notice did not comply with Local Rules 30(A) and 30(H). Plaintiff corrected Deloitte Defendants' counsel by stating that Local Rule 30(H) does not state that 11 days are mandatory. Rather, the rule only states 11 days "[a]s a general rule" and will vary with "the urgency of taking the deposition of a party or witness at a particular time and place". This urgency was required because discovery ends on April 14, 2017 and was caused due to Deloitte Defendants intentional delay tactics in providing documents responsive to Plaintiff's First Request until March 24, 2017, which was 79 days beyond its original due date of January 4, 2017. Plaintiff also agreed to have the deposition conducted within EDVA Alexandria division per Local Rules 30(A). Despite the best efforts made by Plaintiff, Deloitte stated that they stand by their objections and will not appear at the deposition making this Motion to Compel inevitable.

## ARGUMENT

### I.   The MMSs, 579 "naughty" e-mails and Snapchat data would conclusively prove that Plaintiff was discriminated

In their Motion for Summary Judgment, Defendants' claim that "Deloitte's review of Ms. Sawin's phone exonerated her. In particular, the review did not disclose that Ms. Sawin had used her phone to exchange sexually explicit texts or images with others, or used it for any other improper purpose, or any purpose prohibited by Deloitte policies." *See* Def.'s Mot. for Summ. J. at 9. These **MMS's, 579 "naughty" e-mails and Snapchat data** would conclusively prove that Deloitte's claim that it did not find any evidence "that Ms. Sawin had used her phone to exchange sexually explicit texts or images with others, or used it for any other improper purpose, or any purpose prohibited by Deloitte policies" is a lie and a pretext for discrimination. An example of this is the explicit text message exchanged between Stacy Sawin and Vikram Rajan on 6/17/2015 at 6:32:46AM, "Woke up a bit b4 I actually was actually getting out of bed and realized that I had nothing on below the waist ... http://m.imgur.com/gallery/JZ85Pgu" *See* ECF No. 96 at DELOITTE008660.

II. **Defendants' self-serving declaration shows that these MMSs, e-mails and Snapchat data are relevant and discoverable**

In their Reply in Support of Motion for Summary Judgment, Defendants attached a self-serving declaration of Leslie Moore Garcia, a Deloitte HR employee who stated under oath that:

- On or about Friday, June 12, 2015, Ranjith Keerikkattil, emailed Alicia Carberry, a member of the Talent Relations team, regarding Stacy Sawin. In relevant part, Mr. Keerikkattil alleged that Ms. Sawin had been misusing her Deloitte-issued mobile phone by exchanging inappropriate or sexually explicit text messages and images, and by using OkCupid, a dating app.
- The following week, Deloitte e-discovery personnel made an electronic image of Ms. Sawin's phone so that we could review its contents and determine whether it contained

- any inappropriate images or communications. Those same personnel also downloaded all of Ms. Sawin's emails from Deloitte's email system for review.
- As a part of the email review, the e-discovery team searched Ms. Sawin's emails for terms on Deloitte's list of "naughty" words, a standard list of search terms that Deloitte frequently uses in such cases to identify emails that may be inappropriate. The list of "naughty" words contains obscene terms that are automatically improper. The list also contains generic words, such as "sleep" or "hotel" that are not themselves improper, but that could potentially be associated with improper conduct.
- This list of search terms was applied to Ms. Sawin's emails, and 579 of those emails were determined to contain at least one of those terms. I then then personally reviewed each one of those emails, and determined that all of the emails involved innocuous use of one or more of the generic terms, and none were improper.
- I also reviewed all of the text messages on Ms. Sawin's phone, and determined that none were explicit or inappropriate. The e-discovery team also reviewed the images on Ms. Sawin's phone, and reported to me that none were explicit or inappropriate. The team also reported to me that OkCupid did not appear to have been downloaded onto Ms. Sawin's phone.
- In sum, a review of Ms. Sawin's email, text messages, and the contents of her phone did not disclose that she had sent any explicit, improper, or inappropriate images or communications, and that no such material was stored on her phone.

*See* Garcia Decl. (ECF No. 104-1) ¶¶ 4-9. There was not a single exhibit along with Ms. Garcia's declaration to corroborate her statements. However, Defendants want the Court to accept these unsubstantiated statements as "undisputed material facts" in their Motion for

Summary Judgment. These **MMSs, e-mails and Snapchat data** would enable Plaintiff to verify the authenticity of Ms. Garcia's statements in her declaration that have been couched by Defendants' as "undisputed material facts".

### III. The Rule 30(b)(6) Deposition would conclusively prove that Defendants' eDiscovery and investigations were defective

Defendants assert that "Deloitte's review of Ms. Sawin's phone exonerated her. In particular, the review did not disclose that Ms. Sawin had used her phone to exchange sexually explicit texts or images with others, or used it for any other improper purpose, or any purpose prohibited by Deloitte policies." *See* Def.'s Mot. for Summ. J. at 9. However, Deloitte's eDiscovery Analyst Aleta Jacobson made the following observations:

- [P]ossibilities are that Stacy deleted prior texts from Vikram and the were written over (which makes them unrecoverable).
- I did not see any apps for this installed on her phone, but it could have been removed.
- The only Lync conversation she saved was dated yesterday. (As mentioned in my other email, Lync conversations aren't automatically saved - the user must manually save them and they go into a "conversation history" folder in Outlook.)
- The Snapchat app is installed on her phone ... I looked to see if I could dig any data out of the snapchat app, but it's all garble and is not anything that makes sense outside of the app.

*See* ECF No. 73-6 at DELOITTE005563.

This means that Stacy Sawin could have deleted explicit text messages, deleted apps such as OkCupid and sent explicit Lync and Snapchat messages. Had Defendants performed a thorough forensic analysis of Ms. Sawin's Deloitte owned devices, it could have recovered the deleted text

6

messages, apps and Lync messages. The Rule 30(b)(6) deposition would enable Plaintiff to identify deficiencies in Deloitte's forensic analysis that led to Ms. Sawin being wrongly exonerated.

## CONCLUSION

These **MMSs, 579 "naughty" e-mails and Snapchat data** as well as **Rule 30(b)(6) deposition** will resolve the genuine dispute of material fact that exists on Defendants' claim that Ms. Sawin did not use her phone to exchange sexually explicit texts or images with others, or used it for any other improper purpose. Defendants' cannot have it both ways – claiming that its review did not disclose that Ms. Sawin had used her phone to exchange sexually explicit texts or images at the same time failing to disclose the **MMSs, 579 "naughty" e-mails and Snapchat data** it claims it reviewed to come to this conclusion.

For the foregoing reasons, Plaintiff's motion must be granted and Defendants must be compelled to produce **MMSs, 579 "naughty" e-mails and Snapchat data** that they withheld from production and appear at their **Rule 30(b)(6) deposition.**

## LOCAL CIVIL RULE 83.1M(2) CERTIFICATION

I declare under penalty of perjury that:

No other attorney has prepared, or assisted in the preparation of this document.

Ranjith Keerikkattil

Executed on: May 23, 2017

Dated: May 23, 2017                              Respectfully submitted,

_[signature]_

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
rkeerikkattil@gmail.com
Tel: (443) 690-1031

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May 2017, a true and accurate copy of the foregoing PLAINTIFF'S MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER was served by First Class Mail Postage Prepaid along with courtesy electronic mail copies to:

Christine M. Costantino
Eric J. Janson
Nicholas H. De Baun
Seyfarth Shaw LLP
975 F Street, N.W.,
Washington, DC 20004
Phone: (202) 463-2400
Fax: (202) 641-9232
ccostantino@seyfarth.com
ejanson@seyfarth.com
ndebaun@seyfarth.com
*Counsel for Defendants Deloitte LLP, Deloitte Consulting LLP, Deloitte Services LP*

_[signature]_
Ranjith Keerikkattil