IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

RANJITH KEERIKKATTIL, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:16-cv-00827
)
STACY SAWIN, et al., )
)
Defendants. )

## Memorandum Opinion

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment.

In November 2014, Deloitte Consulting LLP ("Deloitte") hired Ranjith Keerikattil ("Plaintiff") as an at-will employee with a title of Senior Consultant. Plaintiff never worked for Deloitte LLP or Deloitte Services LP. At the time he was hired, Plaintiff had completed a bachelor's degree in applied mathematics from the University of Maryland in 2010 and a master's degree from Towson University in 2012. He was specialized in particular technology and exercised managerial responsibilities.

In February 2015, Deloitte Consulting LLP hired Stacy Sawin ("Sawin") as a Business Technology Analyst, which is the lowest

level professional rank at Deloitte. Sawin had just recently graduated with her bachelor's degree. In April 2015, Plaintiff and Sawin began working together on a response to a business proposal request from a potential client. While working on this project, Plaintiff and Sawin spent a considerable amount of time working together, including evenings and weekends.

As Plaintiff spent more time with Sawin, he began sending her personal texts that were completely unrelated to their work. In one of those texts, Plaintiff told Sawin that she was "cute slim and sexy." In another text, Plaintiff asked Sawin what she was wearing. Sawin responded to Plaintiff's personal texts by writing, "Ranjith I really need for you to back off," and asking Plaintiff to not contact her for anything other than work-related matters. Yet, Plaintiff continued to send personal texts such as, "Hey! How's your weekend going? Doing anything fun? Are you free tomorrow night?"

In response, Sawin wrote to Plaintiff, "I would like to keep our relationship strictly professional." Shortly after this exchange, Plaintiff sent Sawin a "Cease and Desist Letter," which was written in a formal tone and told Sawin to "refrain from contacting me [Plaintiff] except for legitimate business needs of Deloitte LLP." Surprised by this response, Sawin shared her concerns with a senior colleague, who reported the incident to Deloitte's Human Resources ("HR") department.

HR began a formal investigation of the matter. In the course of this investigation, HR learned that Plaintiff had previously between accused of stalking while he was a student at the University of Maryland. HR reviewed the texts, emails, and instant messages exchanged between Plaintiff and Sawin. HR also interviewed Plaintiff and Sawin. While being interviewed by HR, Plaintiff represented that he had never told Sawin that she was "slim and sexy." He also represented that Sawin had never asked him to keep their relationship strictly professional. These statements were both untrue. As a result, Deloitte fired Plaintiff for lying during an investigation because lying during an investigation is a violation of company policy.

HR also investigated a claim from Plaintiff that Sawin had violated company policy by (1) having romantic relationships with colleagues; (2) inviting colleagues to her home; (3) using her Deloitte-issued mobile phone to exchange sexually explicit text messages with others; and (4) using her Deloitte issued-mobile phone for "dating and/or pornography." In his deposition, Plaintiff admitted that he was unaware of any facts to support these claims. HR investigated the matter anyways and exonerated Sawin after an extensive review.

On June 29, 2016, Plaintiff filed in this Court his first Complaint, which he amended on December 5, 2016. Of the eight-counts in the Complaint, this Court granted Defendants' motion

to dismiss for failure to state a claim on all counts except one count for sex discrimination under Title VII. In his Complaint, Plaintiff stated that Deloitte discriminated against him on the basis of his sex in violation of Title VII because he was fired and Sawin was not. Upon the completion of discovery, Defendants' moved for summary judgment on April 19, 2017.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

While a plaintiff can prove discrimination through direct evidence, direct evidence is often unavailable. In the absence of direct evidence of discrimination, a plaintiff must rely on the McDonnell Douglas burden-shifting framework. Burns v. AAF-McQuay, Inc., 96 F.3d 728, 731 (4th Cir. 1996). There are three phases in the McDonnell Douglas framework: (1) the plaintiff

4

must establish a prima facie case; (2) if plaintiff presents a prima facie case, then the Defendant has the burden to show a legitimate, non-discriminatory reason for the adverse employment action; and (3) then the burden shifts to the plaintiff to prove that the reason given by the Defendant is pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).

There are three elements a plaintiff must prove to present a prima facie case of sex discrimination in violation of Title VII: (1) plaintiff is a member of a Title VII protected class; (2) plaintiff's misconduct was similar in nature to the misconduct of a similarly situated employee; and (3) plaintiff received harsher discipline than the similarly situated employee. Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993); see also Moore v. City of Charlotte, NC, 754 F.2d 1100, 1106 (4th Cir. 1985).

Here, Plaintiff did not and cannot present a prima facie case of sex discrimination. While it is undisputed that Plaintiff is a member of a protected class, he cannot show that he is similarly situated to another employee or that he received harsher discipline than a similarly situated employee. Plaintiff has not made a meaningful comparison between himself and a similarly situated colleague. For it to be meaningful, the comparison must clearly show the similarity in misconduct but dissimilarity in consequences between plaintiff and the

5

comparator-employee. See Bryant v. Bell Atl. Maryland, Inc., 288 F.3d 124, 134 (4th Cir. 2002).

Plaintiff argues that Sawin is a similarly situated employee who received no discipline for similar misconduct. This theory falls apart for two main reasons. First, Plaintiff and Sawin are not similarly situated. Plaintiff was a senior level consultant with several years of experience and a graduate level education. In contrast, Sawin is a business technology analyst. She has almost no work experience and she does not have a graduate level education. Plaintiff and Sawin have different work experience, different educational levels, different job titles, and different work responsibilities. Second, Plaintiff and Sawin did not engage in similar misconduct. Simply put, Plaintiff violated Deloitte's policies; Sawin did not. Plaintiff lied to HR in an investigation; Sawin did not. Even the alleged misconduct committed by Sawin proved to be a false accusation from Plaintiff, which he implicitly admitted in his deposition. Thus, Plaintiff has failed to prove that he was treated more harshly than a similarly situated employee for similar misconduct.

Furthermore, even if Plaintiff could prove that he and Sawin are similarly situated, Plaintiff has failed to provide any basis for how his sex played a role in his termination. All Plaintiff provided was his own speculation for why he was

6

terminated. That is not enough to satisfy his burden to present a prima facie case. Finally, even if Plaintiff had presented a prima facie case, the evidence shows that Deloitte had a legitimate business reason for firing Plaintiff: he was an at-will employee who violated Deloitte's policies. A company may fire an employee without running afoul of Title VII if the company had a legitimate, non-discriminatory reason for their action. See E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 946 (4th Cir. 1992).

Therefore, this Court finds that summary judgment should be GRANTED in favor of the Defendants. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
June 9, 2017

7